Filed 5/12/15  City of Riverside v. Cohen CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| CITY OF RIVERSIDE et al., | C074866 |
| Plaintiffs and Respondents, | (Super. Ct. No. 34-2013-80001421-CU-WM-GDS) |
| v. | |
| MICHAEL COHEN, as Director, etc., | |
| Defendant and Appellant. | |

This appeal—which involves the dissolution and winddown of California's redevelopment agencies, the so-called "Great Dissolution"—raises identical issues that this court resolved recently in *City of Emeryville v. Cohen* (2015) 233 Cal.App.4th 293 (*Emeryville*).  (See *City of Pasadena v. Cohen* (2014) 228 Cal.App.4th 1461, 1463

(*Pasadena*).) We agree with *Emeryville* and will apply its resolution here.[1] Rather than reinvent the wheel, we will provide a brief background, a brief discussion of the basic issues (drawn from *Emeryville*), and direct the parties and any interested readers to *Emeryville* for further elucidation. Consequently, we shall affirm the judgment.

## BACKGROUND

In response to the governmental fiscal crisis arising from the Great Recession of 2008 and to redevelopment agencies taking an ever larger slice of the local tax pie, the Legislature, effective June 29, 2011, dissolved redevelopment agencies and redirected their property tax revenues to fund core local government services performed by cities, counties, school districts and special districts (Assem. Bill No. 26 (2011-2012 1st Ex. Sess.), enacted as Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 5 (hereafter Assembly Bill 1X 26)). (*California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 241, 246-247, 250 (*Matosantos*); *Pasadena*, *supra*, 228 Cal.App.4th at p. 1463, fn. 2.)

Health and Safety Code section 34178, subdivision (a),[2] enacted as part of Assembly Bill 1X 26, invalidated agreements between a redevelopment agency and its sponsoring city, but allowed a successor agency to a dissolved redevelopment agency to "reenter" into those agreements with the sponsoring city, with the approval of the successor agency's oversight board (comprised of representatives of the affected taxing agencies) and subject to review by the state Department of Finance (DOF).

On June 14, 2012, pursuant to section 34178, subdivision (a), the successor agency to the Riverside Redevelopment Agency (Successor Agency) and the City of Riverside

---

[1] The present panel of this court has addressed similar issues in similar fashion in *County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42. We use *Emeryville*, *supra*, 233 Cal.App.4th 293 as our model here, however, because it more precisely tracks the issues raised in the present appeal.

[2] Undesignated statutory references are to the Health and Safety Code.

(the City) *reentered* into 11 project agreements (also termed reimbursement or cooperation agreements) and six loan agreements, with the approval of Successor Agency's oversight board and no response from the notified DOF (hereafter, the 17 agreements). (The 17 agreements had originally been entered into between the City and the Riverside Redevelopment Agency during 2007 through March 8, 2011—that is, before Assembly Bill 1X 26 dissolved redevelopment agencies on June 29, 2011.)

Effective June 27, 2012, or about two weeks after the 17 agreements were reentered, Assembly Bill No. 1484 (2011-2012 Reg. Sess.) (hereafter, Assembly Bill 1484) amended section 34178, subdivision (a), by adding a sentence stating that a successor agency or an oversight board shall not restore funding for a redevelopment-based enforceable obligation that was deleted or reduced by the DOF unless the DOF effectively agrees (or pursuant to court order). (Stats. 2012, ch. 26, § 14.) Assembly Bill 1484 also added section 34177.3, which effectively states as relevant that successor agencies shall not create new enforceable obligations or begin new redevelopment work, except in compliance with an enforceable obligation that existed before Assembly Bill 1X 26; that any actions taken by redevelopment agencies to create obligations after Assembly Bill 1X 26 do not create enforceable obligations; and that the provisions of section 34177.3 are declaratory of existing law. (§ 34177.3, subds. (a), (d), and (e), respectively, added by Stats. 2012, ch. 26, § 12.)

In February 2013, the City and Successor Agency filed a petition for writ of mandate and related complaint for declaratory and injunctive relief. They alleged that the DOF had improperly applied the Assembly Bill 1484-amended section 34178, subdivision (a) retroactively, in disallowing payments for 17 items, corresponding to the 17 agreements, listed on Successor Agency's "Recognized Obligation Payment Schedule" (ROPS) for the period January through June 30, 2013 (known as ROPS III) (hereafter, the 17 items on ROPS III); an ROPS is "the document setting forth the

3

minimum payment amounts and due dates of payments required by [redevelopment-based] enforceable obligations for each six-month fiscal period . . . ."  (§ 34171, subd. (h).)

This case, similar to *Emeryville*, *supra*, 233 Cal.App.4th 293, requires us to interpret sections 34178, subdivision (a) and 34177.3, subdivisions (a), (d) and (e) and answer two basic questions:

1. Prior to its amendment by Assembly Bill 1484, did section 34178, subdivision (a) authorize the City and Successor Agency to reenter into the 17 agreements that had otherwise been invalidated? and

2. Was Assembly Bill 1484's amendment of section 34178, subdivision (a) and Assembly Bill 1484's addition of section 34177.3—which effectively revoked the authority of successor agencies and  sponsoring cities to reenter into agreements without DOF approval—intended to apply retroactively, thereby invalidating previously reentered agreements?

The trial court answered "yes" to the first question and "no" to the second, and granted a writ of mandate directing DOF to recognize the 17 items on ROPS III as enforceable obligations.

## DISCUSSION

### I.  The City and Successor Agency Were Authorized to Reenter Into the 17 Agreements; Accordingly, the 17 Items on ROPS III Are Enforceable Obligations

Section 34178, subdivision (a), as originally enacted by Assembly Bill 1X 26 (eff. June 29, 2011), provided as pertinent:  "Commencing on the operative date of this part, agreements, contracts, or arrangements between the city . . . that created the redevelopment agency and the redevelopment agency are invalid and shall not be binding on the successor agency; *provided, however, that a successor entity wishing to enter or*

4

*reenter into agreements with the city . . . that formed the redevelopment agency that it is succeeding may do so upon obtaining the approval of its oversight board*." (Italics added.)

However, Assembly Bill 1484, effective June 27, 2012, added the following sentence to section 34178, subdivision (a), as relevant: "A successor agency or an oversight board shall not exercise the powers granted by this subdivision to restore funding for an enforceable obligation that was deleted or reduced by the [DOF] . . . unless it reflects . . . decisions made . . . with the [DOF] or pursuant to a court order." (§ 31478, subd. (a), as amended by Stats. 2012, ch. 26, §§ 14, 40.)

Assembly Bill 1484 also added new section 34177.3, effectively providing in part:

"(a) Successor agencies shall lack the authority to, and shall not, create new enforceable obligations . . . or begin new redevelopment work, except in compliance with an enforceable obligation that existed prior to [Assembly Bill 1X 26]. [¶] . . . [¶]

"(d) . . . Any actions taken by redevelopment agencies to create obligations after [Assembly Bill 1X 26], are ultra vires and do not create enforceable obligations.

"(e) The Legislature finds and declares that the provisions of this section are declaratory of existing law." (Stats. 2012, ch. 26, § 12.)

As noted, on June 14, 2012, about two weeks *before* the effective date of Assembly Bill 1484's amendment of section 34178, subdivision (a) and Assembly Bill 1484's addition of section 34177.3, the City and Successor Agency reentered into the 17 agreements, with the approval of Successor Agency's oversight board and no response from the notified DOF.

In *Emeryville*, *supra*, 233 Cal.App.4th 293, we concluded that the plain language of section 34178, subdivision (a), prior to its amendment by Assembly Bill 1484, authorized the reentry of agreements similar to those at issue here. We stated in

*Emeryville*, adopting the trial court's reasoning, that " 'The concept of "reentering" into an agreement presupposes the existence of a prior agreement, in this case an agreement between the former Redevelopment Agency and the City.' Thus, section 34178 was intended to allow *prior* agreements to be *re*entered, subject to oversight board approval, and possible review by the [DOF]." (*Emeryville*, *supra*, at p. 304.) This plain language interpretation of the original section 34178, subdivision (a), then, allowed *some* redevelopment work to continue, with the bulwark against abuse vested in the oversight board, subject to DOF review. (*Emeryville*, at p. 307.)

We agree with *Emeryville*, and apply its reasoning to the 17 agreements. We also note that *Emeryville* considered and rejected the following three arguments that DOF raises here against this plain language interpretation of the original section 34178, subdivision (a):

(1) It is contrary to the context and the core purpose of the redevelopment agency *dissolution* law;

(2) It is contrary to an array of specific dissolution statutes that facilitate the dissolution and winddown of the redevelopment agencies (these statutes run the gamut from one on which DOF relied heavily in its administrative process and in the trial court, section 34171, subdivision (d)(2) [defining "enforceable obligation"], to those supporting DOF's tangential points, such as section 34177, subdivision (d) [successor agencies must remit unencumbered fund balances to taxing entities, which, *Emeryville* noted, presupposes the balances are *unencumbered*], and section 33445 [which Assembly Bill 1X 26 abrogated, but which the reentered agreements cited; citations which, *Emeryville* recognized, did not change the scope of section 34178]); and

(3) The original section 34178 and related sections refer only to a limited class or range of agreements capable of being reentered. (*Emeryville*, *supra*, 233 Cal.App.4th at pp. 303-307.)

6

We conclude that under section 34178, subdivision (a), prior to its amendment by Assembly Bill 1484, the 17 items on ROPS III constitute enforceable obligations.

## II. The Assembly Bill 1484 Provisions at Issue Do Not Apply Retroactively

The DOF contends that Assembly Bill 1484's amendment of section 34178, subdivision (a) and Assembly Bill 1484's addition of section 34177.3 apply retroactively to invalidate the 17 agreements. As noted, these provisions of Assembly Bill 1484, in the context presented here, effectively revoke the authority of successor agencies and sponsoring cities to reenter into agreements without the DOF approval, and effectively state, in section 34177.3, subdivision (e), that they are declaratory of existing law. We disagree with the DOF's contention for the reasons expressed in *Emeryville*.

As we stated in *Emeryville*, "We have found *no* ambiguity in the relevant portions of Assembly Bill 1X 26. Assembly Bill 1484 changed the law, expanding [DOF's] authority to nullify reentered agreements. Accordingly, the statement in section 34177.3, subdivision (e) that 'the provisions of this section are declaratory of existing law' is incorrect." (*Emeryville*, *supra*, 233 Cal.App.4th at p. 310.) And, in *Emeryville*, we endorsed the *Emeryville* trial court's cogent summation on this point: " 'The Legislature may well have changed its collective mind about the wisdom of [allowing the reentry of agreements], and certainly had the authority to forbid it on a prospective basis. . . . However, the Legislature could not do what it did—interpret the law by asserting that it was only restating the law as originally enacted.' " (*Id.* at pp. 310-311.)

We agree. Accordingly, we conclude that the provisions of Assembly Bill 1484 at issue do not apply retroactively.

## DISPOSITION

The judgment is affirmed.  Respondents the City and Successor Agency shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)[3]


                                                                  _____BUTZ_____, J.


I concur:


_____BLEASE_____, Acting P. J.

---

[3]  We deny DOF's request for judicial notice, which DOF states is relevant to show the items DOF disallowed as enforceable obligations regarding the ROPS I through ROPS III process.

8

Mauro, J., concurring:

I concur in the disposition.  The result is based on an interpretation of relevant statutory language that controlled during a finite period of time:  a time when the statutory scheme expressly authorized a successor agency to "enter or reenter" into agreements with its sponsoring entity regarding redevelopment activities if the successor agency obtained the approval of its oversight board.  (Health & Saf. Code, § 34178, subd. (a).)[1]  That window of opportunity came to an end when the Legislature and the Governor subsequently amended the statutory scheme to eliminate such authority.

Assembly Bill No. 26 (Stats. 2011, 1st Ex. Sess. 2011, ch. 5, § 7, pp. 5848-5862) (Assembly Bill 26) was enacted on June 29, 2011.  Among other things, Assembly Bill 26 added section 34178, which authorized the reentered agreements in this case.  But the Legislature and the Governor subsequently amended the Assembly Bill 26 statutory scheme when they approved Assembly Bill No. 1484 (Stats. 2012, ch. 26, §§ 6-35, pp. 1093-1124) (Assembly Bill 1484), a law that took effect on June 27, 2012.  Assembly Bill 1484 eliminated the authority of a successor agency to enter or reenter into new enforceable obligations.  (See, e.g., §§ 34173, subd. (g) ["As successor entities, successor agencies succeed to the organizational status of the former redevelopment agency, but without any legal authority to participate in redevelopment activities, except to complete any work related to an approved enforceable obligation."], 34177.3, subd. (a) ["Successor agencies shall lack the authority to, and shall not, create new enforceable

_____

[1]  Undesignated statutory references are to the Health and Safety Code.

1

obligations under the authority of the Community Redevelopment Law (Part 1 (commencing with Section 33000)) or begin new redevelopment work, except in compliance with an enforceable obligation that existed prior to June 28, 2011."].) City of Riverside agrees that Assembly Bill 1484 removed the authority of successor agencies to reenter into agreements.

To the extent this court has indicated in prior decisions that the reentered agreements must be continuing obligations rather than new obligations, I disagree. (See *County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 53 [section 34177.3, subdivision (a) does not apply to reentered agreements because "as a matter of definition one cannot '*re*enter' a *new* obligation."]; see also *City of Emeryville v. Cohen* (2015) 233 Cal.App.4th 293, 309 ["Taking the last point first, section 34177.3, subdivision (a) refers to 'new' obligations, and by its terms does not preclude *reentry* into 'an enforceable obligation that existed prior to June 28, 2011.' "].) The reentered agreements in this case are new obligations because the original agreements between the redevelopment agency and the City of Riverside were invalidated by law. (Stats. 2011, 1st Ex. Sess. 2011, ch. 5, § 7, p. 5854 [§ 31478, subd. (a)].) City of Riverside agrees the original agreements were invalidated and were not enforceable obligations binding the successor agency. (See Stats. 2011, 1st Ex. Sess. 2011, ch. 5, § 7, pp. 5848-5849 [§ 34171, subd. (d)(1) & (2)].) This understanding makes sense, because if the original agreements had been continuing enforceable obligations binding the successor agency, there would have been no need for the successor agency to "enter or reenter" into them; they would have continued to be enforceable under the law. (Stats. 2011, 1st Ex. Sess. 2011, ch. 5, § 7, pp. 5848-5849, 5852-5854 [§§ 34170, subd. (d)(2), 34177, subds. (a), (c), (*l*), 34178, subd. (a)].)

Accordingly, the reentered agreements in this case were new obligations. Although section 34178, subdivision (a) gave the successor agency a window of authority

to enter or reenter into such new obligations with the approval of the oversight board, Assembly Bill 1484 subsequently eliminated that authority.

                                                 _____MAURO_____, J.